

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-83,445-01

### EX PARTE RICHARD ALLAN GARD, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. C-396-010359-1184098-A
### IN THE 396TH DISTRICT COURT FROM TARRANT COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a controlled substance with intent to deliver and sentenced to thirty years' imprisonment. The Second Court of Appeals affirmed his conviction in *Gard v. State*, No. 02-11-00087-CR (Tex. App.— Fort Worth August 30, 2012)(not designated for publication).

Applicant contends, among other things, that his appellate counsel rendered ineffective assistance because counsel failed to timely notify Applicant that he would not be pursuing a petition

for discretionary review on Applicant's behalf.

The trial court has entered findings of fact and conclusions of law that Applicant was improperly denied the opportunity to seek discretionary review. The trial court recommends that relief be granted. *Ex parte Wilson*, 956 S.W.2d 25 (Tex. Crim. App. 1997).

We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time petition for discretionary review of the judgment of the Second Court of Appeals in Cause No. 02-11-00087-CR that affirmed his conviction in Cause No. 1184098D from the 396th District Court of Tarrant County. Applicant shall file his petition for discretionary review with this Court within 30 days of the date on which this Court's mandate issues.

Applicant's remaining claims are dismissed. *See Ex parte Torres*, 943 S.W.2d 469 (Tex. Crim. App. 1997).

Delivered: August 26, 2015
Do Not Publish